IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LARRY MARIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-106 |
| | ) | |
| SHANECE M. ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, alleges Defendant drove her vehicle into the side of Plaintiff's vehicle as Plaintiff was turning into a church, causing minor damage to Plaintiff's vehicle in the form of a popped tire, dented door, and broken brush guards. (Doc. no. 1, p. 4.) Plaintiff seeks repayment of an unspecified amount of medical expenses. (Id.) Plaintiff and Defendant are both Georgia residents. (Id. at 3-4.)

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman *ex rel*. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." <u>Baltin v. Alaron Trading Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997). Under 28 U.S.C. § 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994).

Plaintiff's complaint is devoid of any federal claim or cause of action and appears to be an attempt to bring a state law personal injury claim. Nor is there jurisdiction based on diversity of citizenship. Plaintiff alleges both parties are Georgia citizens and fails to allege the amount in controversy exceeds $75,000. (Doc. no. 1, p. 4.) Because Plaintiff has failed to plead any facts demonstrating he is entitled to invoke the jurisdiction of the federal courts, his complaint is subject to dismissal.

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** based on lack of subject matter-jurisdiction and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 7th day of August, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA